UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL ARNOLD,

    Plaintiff,

v.

STEVE RIVARD, et al.;

    Defendants.

_____/

Case No. 15-11340

HON. AVERN COHN

## ORDER DISMISSING COMPLAINT AS DUPLICATIVE TO CASE NO.15-10608 AND DIRECTING THE CLERK TO RETURN THE FILING FEE

I.

This is a prisoner civil right case under 42 U.S.C. § 1983. As will be explained, the complaint is duplicative of a complaint previously filed by plaintiff. Accordingly, the complaint will be dismissed without prejudice and the Clerk will be directed to return the filing fee to plaintiff.

II.

On April 10, 2015, plaintiff filed the complaint in this case. He names Steve Rivard, Corizon Health Service, Inc., and three doctors, Dr. Hearing, Dr. Patel, and Dr. Scabbo as defendants. Plaintiff claims that he has been denied proper treatment for his mental health problems.

On February 17, 2015, plaintiff filed an identical complaint against the same defendants and raising the same claims. It remains pending before another judge in this district. <u>Arnold v. Rivard, et. al</u>., 15-10608 (E.D. Mich.).

As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first

filed." Smith v. S.E.C., 129 F. 3d 356, 361 (6th Cir.1997). A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." Id. The Court of Appeals for the Sixth Circuit has held that a district court "has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." In re Camall Co., 16 F. App'x 403, 408 (6th Cir. 2001)(citing In Re White Motor Credit, 761 F.2d 270, 274–75 (6th Cir. 1985)).

III.

Here, the complaint in this case is clearly duplicative of plaintiff's prior complaint. Indeed, the complaints appear to be identical. It also appears that plaintiff did not intend to file a second complaint. Rather, he submitted copies of his original complaint in order to cure a deficiency in his first case where he had not submitted sufficient copies for service. The Clerk apparently mistook the copies for a new case.

Under these circumstances, this case is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is also DIRECTED to return the $ 400.00 filing fee submitted by plaintiff in this case. See e.g. Ahmad v. Grant, No. 10-12644, 2010 WL 2756499, at *2 (E.D. Mich. July 12, 2010).

SO ORDERED.

                                        S/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: July 24, 2015
      Detroit, Michigan